UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| ETTA COMBS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 12-30-ART |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| HIGHLANDS HOSPITAL | ) | **& ORDER** |
| CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The defendants removed plaintiff Etta Combs's action from state court, alleging that the Labor Management Relations Act preempts Combs's state-law claims. But the LMRA does not apply because Combs's state-court action does not derive from or rely on a collective bargaining agreement. The Court therefore grants Combs's motion to remand.

## BACKGROUND

For more than twenty years, Defendant Highlands Hospital Corporation employed plaintiff Etta Combs as a nurse at Highlands Regional Medical Center in Prestonsburg, Kentucky. R. 1-1 at 3. On March 2, 2011, Highlands terminated Combs's employment. R. 1-1 at 3. Combs was a member of the local nurses union, District 1199 Health Care and Social Service Union SEIU, R. 6 at 2, and in accordance with the Collective Bargaining Agreement between Highlands and the Union, the Union filed a grievance on Combs's behalf. R. 6-3. The grievance alleged violations of several sections of the CBA, including Article 13 in which Highlands agreed to "comply with all applicable laws with respect to discrimination because of age." R. 6-4 at 10. Specifically, the Union alleged that Highlands

"unjustly" terminated Combs and that Combs "suffered continued age discrimination." R. 6-3 at 3.

Highlands denied the grievance on April 7, 2011. R. 6 at 3. Afterwards, the Union and Highlands met to discuss the grievance, which they did not resolve. *Id.* The CBA provides that when parties cannot resolve disputes, the Union may request arbitration. R. 6-4 at 4. However, the Union did not pursue arbitration in this case.

Instead, Combs filed suit in Floyd County Circuit Court against Highlands and Consolidated Health Systems, Inc. R. 1-1. She claimed that the defendants violated Kentucky anti-discrimination and anti-retaliation statutes. R. 1-1 at 3-4. Shortly after, Highlands removed the case to federal court on the ground that the Labor Management Relations Act ("LMRA") preempts Combs's claims. R. 1 at 2 (citing 29 U.S.C. § 185).

## DISCUSSION

Highlands can remove Combs's state-court action only if Combs could have originally filed the action in federal court. *See* 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Because diversity jurisdiction is lacking, removal can only be premised on federal-question jurisdiction. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). As the removing party, Highlands bears the burden of establishing federal jurisdiction. *See* 28 U.S.C. § 1331; *Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1063 (6th Cir. 2008). Highlands must demonstrate that Combs alleged either (1) a federal claim on the face of the complaint or (2) a state-law claim that is preempted by federal law in such a way that the claim must be converted into a federal claim. *Caterpillar*, 482 U.S. at 392–93. But Highlands cannot satisfy either of these.

2

I.   **Well-Pleaded Complaint Rule**

Combs's complaint does not state a federal cause of action. Under the "well-pleaded complaint rule," the Court looks to the claims "presented on the face" of the complaint. *Id.* at 392. Here, Combs's claims are based entirely on alleged violations of Kentucky statutes. Even if Combs had a federal cause of action available to her, she is perfectly able to "forego federal claims" in order to "secure a state forum." *Warthman*, 549 F.3d at 1063. Consequently, there is no federal question on the face of Combs's complaint.

II.  **Preemption**

In its notice of removal, Highlands argues that the Labor Management Relations Act, 29 U.S.C. § 185, completely preempts Combs's complaint. R. 1 at 2. Highlands is mistaken.

A.   **The LMRA Does Not Apply**

Section 301 of the LMRA authorizes "[s]uits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). The Supreme Court has held that this section provides federal jurisdiction when a plaintiff's claim invokes a collective bargaining agreement, even if the complaint does not invoke federal law on its face. *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 403 (1988). The reason for this implied preemption, the Court reasoned, is that the purpose of § 301 is to promote consistent resolution of labor disputes by authorizing "federal courts to fashion a body of federal law for the enforcement of [CBAs]." *Id.* at 403–04 (quoting *Textile Workers v. Lincoln Mills*, 353 U.S. 448, 451 (1957)). As a result, even if a complaint alleges only state-law claims, a defendant may remove a case to federal court if the claims invoke a CBA.

But the Supreme Court has made it clear that the LMRA does not automatically preempt state-law claims just because the plaintiff is a union member and employed under a CBA. Specifically, § 301 does not preempt claims that are independent of the CBA or that only tangentially involve a CBA. *See Livadas v. Bradshaw*, 512 U.S. 107, 123 (1994); *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985).

The Sixth Circuit has "developed a two-step approach for determining whether section 301 preemption applies." *DeCoe v. Gen. Motors Corp.*, 32 F.3d 212, 216 (6th Cir. 1994). First, a court must determine "whether the right claimed by the plaintiff is created" by the CBA. *Id.*; *see also Lingle*, 486 U.S. at 410 n.10. Second, a court must ascertain "whether proof of the state law claim requires interpretation" of the terms of the CBA. *Id.*; *see also Lingle*, 486 U.S. at 410 n.10.

Neither factor applies in this case. First, the rights asserted by Combs are not created by the CBA. Combs is asserting violations of Kentucky age discrimination law, s*ee* Ky. Rev. Stat. § 344.040(1)(a), and anti-retaliation law, *see* Ky. Rev. Stat. § 216B.165(3). The CBA states that Highlands will follow all applicable anti-discrimination laws, R. 6-4 at 10, but the CBA does not create these duties. Highlands' obligation to not discriminate against employees on the basis of age already exists independently of the CBA. *See Lingle*, 486 U.S. at 412 ("[T]he mere fact that a broad contractual protection against discriminatory—or retaliatory—discharge may provide a remedy for conduct that coincidently violates state law does not make the existence or the contours of the state law violation dependent upon the terms of the private contract."); *Ivery v. Chrysler Corp.*, 31 F. App'x 841, 846 (6th Cir. 2002) ("As is demonstrated by *O'Shea* and *Smolarek*, state-law discrimination charges not

4

premised upon duties created by the CBA are not preempted by § 301."); *O'Shea v. Detroit News*, 887 F.2d 683, 687 (6th Cir. 1989) ("Michigan employees have the right not to be discriminated against on the basis of age or handicap without regard to the collective bargaining agreement's language about employee's rights."); *Smolarek v. Chrysler Corp.*, 879 F.2d 1326, (6th Cir. 1989) (en banc) ("We find that Smolarek's complaint pleaded a cause of action based solely on Michigan's [anti-discrimination law], a statute that *Lingle* suggests has not been completely preempted by § 301.").

Second, resolving Combs' state-law claims does not require interpretation of the CBA. To prove age discrimination under Kentucky law, Combs must show (1) direct evidence of discriminatory animus or (2) satisfy the burden-shifting test of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), by presenting a prima facie case of discrimination and showing that any nondiscriminatory explanation provided by Highlands is merely pretextual. *See Williams v. Wal-Mart Stores, Inc.*, 184 S.W.3d 492, 495-96 (Ky. 2005). To prove retaliation, Combs must show that (1) she engaged in protected activity, (2) Highlands knew that she had done so, (3) Highlands took adverse employment action, and (4) there was a causal connection between the protected activity and the adverse employment action. *Brooks v. Lexington-Fayette Urban Cnty. Hous. Auth.*, 132 S.W.3d 790, 803 (Ky. 2004). Each of these elements presents factual questions of Combs's conduct as well as Highland's conduct and motivations. The elements do not turn on any provision in the CBA. Even if Highlands asserted that the CBA allowed it to terminate Combs, "the assertion of a defense" that relies on an interpretation of the CBA "does not support removal to federal court." *Smolarek*, 879 F.2d at 1333 (citing *Caterpillar*, 482 U.S. at 398-99); *see*

*also Howard v. Cumberland River Coal Co.*, Civil No. 11-78-ART, 2011 WL 6372777, at *4 (E.D. Ky. Dec. 20, 2011) (noting that *Smolaerk* "drew a stark line between LMRA preemption analysis in the jurisdictional and summary judgment contexts": "If LMRA preemption arises as a basis for removal, the Court's inquiry is limited to whether proof of the plaintiff's prima facie case requires interpreting the CBA" but "if LMRA preemption arises in a motion for summary judgment" then the Court "must consider all aspects of the burden-shifting analysis that would be reached in resolving the merits of the claim"). Because Combs's state-law claims do not invoke the CBA, the LMRA does not preempt her claims.

## B. The Grievance Provision Does Not Apply

The CBA provides a mandatory grievance procedure for "any dispute or complaint" by an employee arising from "a violation or alleged violation of" the CBA. R. 6-4 at 3. This procedure requires the Union to file a written grievance on the employee's behalf, and if it is denied, Highlands and the Union will mediate the grievance. *Id.* at 3-4. If mediation does not resolve the grievance, the Union may pursue arbitration. *Id.* at 4. But if the Union does not elect arbitration within ten days of the answer to the written grievance, then it is presumed to have accepted the answer and can no longer pursue arbitration. *Id.* at 4-5. Here, the Union did not opt to arbitrate Combs's grievances. As a result, Highlands contends that whether Combs has a right to pursue her discrimination claim in state court requires determining whether the CBA has foreclosed this option. R. 1 at 2.

Highlands is incorrect. A grievance provision does not automatically trigger § 301 preemption. *See Valinski v. Detroit Edison*, 197 F. App'x 403, 411 (6th Cir. 2006) (holding

6

that § 301 did not preempt the plaintiff's discrimination claim even though the CBA contained a "broad grievance provision"); *Wells v. Gen. Motors Corp.*, 881 F.2d 166, 174 n.19 (5th Cir. 1989) (rejecting the defendant's argument that the "contract's provisions concerning grievance procedures should govern the plaintiffs' attempt to resolve the dispute"). A grievance provision can certainly provide federal jurisdiction, but only when the provision is somehow connected to the plaintiff's state-law claim. For example, in *Fox v. Parker Hannifin Corp.*, 914 F.2d 795, 801 (6th Cir. 1990), the plaintiff sued the defendant in state court for allegedly making false representations concerning an investigation of the plaintiff's grievances. The court noted that "state law causes of action for fraud" were independent of the CBA, but that the plaintiff's claim "directly implicat[ed] both the substantive and procedural aspects of the CBA grievance provisions." *Id.* at 801-02. That is, interpreting the CBA was necessary to determine whether the defendant had improperly "carried out the CBA-defined process of reviewing" grievances. *Id.* at 802; *see also Fitzgerald v. Roadway Express, Inc.*, 262 F. Supp. 2d 849, 858–59 (N.D. Ohio 2003) (holding that § 301 preempted a claim for intentional infliction of emotional distress because construing the CBA's grievance provision was necessary to determine whether certain statements made in a grievance proceeding could be considered outrageous).

Here, the grievance provision is simply not necessary to resolve the merits of Combs's claim. The provision mandates grievance procedures for "violations or alleged violations of" the CBA. R. 6-4 at 3. But as discussed above, *see supra* Part II.A, Combs's suit is not based on a violation of the CBA. Rather, Combs's suit is based on alleged violations of state anti-discrimination and anti-retaliation law. Because there is no

7

connection between Combs's state-law claim and the grievance provision, there is no need to construe the provision.

### C. *Pyett* and *Lingle*

This conclusion might be different if the CBA explicitly stated that all discrimination claims were subject to the grievance procedure. In *14 Penn Plaza L.L.C. v. Pyett*, 556 U.S. 247, 256 (2009), the Supreme Court resolved a circuit split and held that employers can enforce binding arbitration provisions in CBAs and require employees to arbitrate discrimination claims. If such language were present in this case, then there is little doubt that construing the CBA would be necessary to determine whether the plaintiff's state-court lawsuit is foreclosed. But the key difference between this case and *Pyett* is that the CBA in *Pyett* explicitly stated that all discrimination claims, whether arising from federal, state, or municipal law, "shall be subject to the grievance and arbitration procedures" defined in the CBA. Here, the CBA states only that the grievance procedures are mandatory for disputes "arising from or based on a violation or alleged violation" of the CBA. R. 6-4 at 3. Additionally, the discrimination section of the CBA states that it is "the intention of the Medical Center to comply with all applicable laws with respect to discrimination because of age." *Id.* at 10. None of this language demonstrates that the parties intended to subject employment-discrimination claims to binding arbitration. *See Pyett*, 556 U.S. at 256 (rejecting arguments that anti-discrimination laws should not be subject to binding arbitration where (1) arbitration is a "voluntary decision" in the collective bargaining process and (2) arbitration does not deny the full protection of anti-discrimination rights).

Rather than looking to *Pyett*, *Lingle v. Norge Division* is directly on point. There, the plaintiff asserted a retaliation claim against his employer in state court. 486 U.S. at 401. The CBA provided a mandatory grievance process and, when the plaintiff filed suit, the plaintiff's union had already begun the grievance process. *Id.* at 401-02. The Court determined that the CBA did not provide the duty at issue in the plaintiff's claim, *id.* at 406, and interpreting the CBA was not necessary to resolve the claim, *id.* at 406-07. Despite the mandatory grievance policy and parallel grievance proceedings, all that mattered for the Court's preemption analysis was that "resolution of the state-law claim [did] not require construing the [CBA]." *Id.* at 407. The facts and holding in Combs's case are consistent with *Lingle*. Despite the grievance procedure outlined in the CBA, Combs chose to file a claim that is independent of the CBA in state court. Because the claim is independent of the CBA, the Court need not construe a grievance provision that is limited to violations of the CBA. As a result, Combs's claims do not implicate § 301 of the LMRA, and the Court does not have jurisdiction over this case.

III. **Attorney's Fees**

In her motion to remand, Combs's requests attorney's fees because "removal of this action was improper." R. 5 at 9. As part of a remand order, a court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). But the Court is not required to award attorney's fees in a successful motion to remand. Rather, the Court has discretion to award fees if "the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Highland's motion, however, was altogether

9

reasonable, even if ultimately unsuccessful. In light of *Pyett*, grievance provisions present a difficult issue for an already-complicated § 301 analysis. Additionally, Highlands filed its removal notice soon after Combs filed her claims in state court. Thus, it does not appear that Highlands removed Combs's state action to "delay litigation" or to "impose additional litigation costs" on Combs. *See Ohio ex rel. Skaggs v. Brunner*, 629 F.3d 527, 532 (6th Cir. 2010); *Gonzales v. Haydon Bros. Contracting, Inc.*, Civil No. 11-83-ART, 2011 WL 2534455, at * 3 (E.D. Ky. June 27, 2011). The Court therefore does not award attorney's fees and costs to Combs.

## CONCLUSION

Accordingly, it is **ORDERED** that Combs's motion to remand, R. 5, is **GRANTED**. Combs's request for removal costs, R. 5 at 8, is **DENIED**. This case is **REMANDED** to the **Floyd Circuit Court** and **STRICKEN** from the Court's active docket. All other pending motions are **DENIED** as moot.

This the 25th day of May, 2012.

Signed By:
*Amul R. Thapar* AT
United States District Judge